```
           IN THE UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF ARKANSAS
                      WESTERN DIVISION
```

```
KATHRYN A. BLACK                                      Plaintiff

v.                           4:08CV00580 JMM/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                              Defendant
```

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Kathryn A. Black, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382(a)(C)(I).

Plaintiff alleged that she was limited in her ability to work by

anxiety, depression, panic attacks, emphysema, heart valve damage, fibromyalgia, high blood pressure, hypoglycemia, left foot problem, 50% vision loss in her left eye, stomach ulcers and bladder leakage. (Tr. 126-27)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through November 10, 2007, the date of his decision. (Tr. 36-37)  On May 6, 2008, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 5-7)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded.

Plaintiff was 44 years old at the time of the hearing. (Tr. 407)  She is a high school graduate with one semester of college. (Tr. 400)  She has past relevant work as a regional and general manager and a delivery truck driver. (Tr. 35, 127-28, 134-38, 407)

The ALJ considered Plaintiff's impairments by way of the

required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2006). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able

to make an adjustment to other work, given claimant's age, education and work experience.  Id., §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, June 27, 2003.  (Tr. 30)  He found Plaintiff had "severe" impairments, fibromyalgia, depression and anxiety.  Id.  He found she did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 31)  He judged that Plaintiff's subjective complaints were not fully credible and were somewhat exaggerated.  (Tr. 35)

The ALJ found Plaintiff retained the residual functional capacity for light work where interpersonal contact was routine but superficial, complexity of tasks was learned by experience using several variables, use of judgment was within reasonable limits, little supervision was needed for routine tasks and detailed supervision was required for tasks that were not routine; she must avoid concentrated exposure to fumes, odors, dust, gas and other pulmonary irritants.  (Tr. 32)  He found Plaintiff unable to perform any of her past relevant work.  (Tr. 35)  Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, small products assembler, assembly press operator and poultry worker.  (Tr. 36)  Thus, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff makes three primary arguments. Only two need be addressed. Plaintiff contends the ALJ erred in not finding that she met a Listing. (Br. 4, 5, 10-15) Never does she even state what Listing(s) she believes that she met,[1] nor does she point to evidence before the ALJ that would support such a contention. Such a failure to cite to the record in support of an argument and failure to flesh out an argument amount to waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Perez v. Barnhart, 415 F.3d 457, 462 n.4

---

[1] The closest that she comes is arguing that she met listing level of severity for fibromyalgia, chronic fatigue and mental impairment. (Br. 5) There is no Listing for fibromyalgia or chronic fatigue. The Listed mental disorders include organic mental disorders, psychotic disorders, affective disorders, mental retardation, anxiety related disorders, somatoform disorders, personality disorders, substance addiction disorders and autistic and other pervasive developmental disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1 Listings 12.02-12.10 (2006).

(5th Cir. 2005) (argument waived by inadequate briefing); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); Leer v. Murphy, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

Plaintiff also argues that the Commissioner's decision was not supported by substantial evidence. (Br. 3-10) Plaintiff contends the ALJ "ignored" the opinions of her treating physicians. He did not. He discussed a cardiac residual functional capacity questionnaire[2] completed by Chrysti Williams, M.D., her treating physician. (Tr. 34) He also noted three other pieces of medical evidence that were inconsistent with Dr. Williams' restrictions, a

---

[2]Plaintiff places great emphasis on questionnaires and residual functional capacity checklists. Residual functional capacity checklists, although admissible, are entitled to little weight in the evaluation of disability. E.g., Taylor v. Chater, 118 F.3d 1274, 1279 (8th Cir. 1997); O'Leary v. Schweiker, 720 F.2d 1334, 1341 (8th Cir. 1983); see Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)(discounting treating physician's two pages of checked boxes devoid of illuminating examples, descriptions or conclusions).

7

1997 examination and stress echocardiogram, a 2003 echocardiogram at Arkansas Heart Hospital and a 2005 coronary CT angiogram. Id. The trier of fact has the duty to resolve conflicting medical evidence. Richardson v. Perales, 402 U.S. 389, 399 (1971).

Plaintiff also points out S.D. Taggert, M.D., indicated in his records, "I think this lady is certainly going to need [to] apply for disability." (Br. 9, Tr. 255) That is not really a medical opinion. It was not error for the ALJ to fail to mention Dr. Taggert's remark.

Of more concern are the voluminous records submitted to the Appeals Council.[3] (Tr. 276-389)

> When new and material evidence is submitted to the Appeals Council, [t]he Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.
> 20 C.F.R. § 404.970(b). The newly submitted evidence is to become part of what we will loosely describe here as the "administrative record," even though the evidence was not originally included in the ALJ's record. Browning v. Sullivan, 958 F.2d 817, 823 n. 4 (8th Cir. 1992). If the Appeals Council does not consider the new evidence, a reviewing court may remand the case to the Appeals Council if the evidence is new and material. See Williams v. Sullivan, 905 F.2d 214, 217 (8th Cir. 1990). If, as here, the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision. Browning, 958 F.2d at 823.

---

[3]Plaintiff is represented by different counsel on appeal than she was at the administrative hearing.

<u>Nelson v. Sullivan</u>, 966 F.2d 363, 366 (8th Cir. 1992)(footnote omitted).

Among those records submitted to the Appeals Council is the Medical Source Statement of Ability to Do Work-related Activities (Physical) by Amy Blunt, M.D.[4] (Tr. 305-06) Dr. Blunt restricted Plaintiff to lifting eight pounds occasionally and to standing/walking less than one hour in an eight-hour workday. (Tr. 305) Also submitted were treatment notes (Tr. 324-27) and a Medical Source Statement of Ability to Do Work-related Activities (Physical) (Tr. 384-85) by Ellen Lipsmeyer, M.D., of the Rheumatology Clinic at the University of Arkansas for Medical Sciences, who was treating Plaintiff for fibromyalgia (Tr. 317, 324-27). She thought Plaintiff could occasionally lift five pounds, frequently lift zero pounds and sit for one hour in an eight-hour workday. (Tr. 384) Defendant points our, correctly, that neither the report of Dr. Blunt nor that of Dr. Lipsmeyer indicates that their opinions relate to the period before the ALJ's decision. (Br. 24-25) They were created soon after the ALJ's decision, however. More importantly, Plaintiff's impairments are not of the type that manifest themselves rapidly. Indeed, Plaintiff told Dr. Lipsmeyer that fibromyalgia was first diagnosed by Stephen Holt, M.D., of the Little Rock Diagnostic Center, eleven years before. (Tr. 324) There is no reason to believe that Plaintiff's limitations were significantly different at

---

[4]The nature of the relationship between Dr. Blunt and Plaintiff is unclear from the record.

9

the time of the reports than they were at the time of the ALJ's decision. The records submitted to the Appeals Council, especially those of Dr. Lipsmeyer, undermine the ALJ's residual functional capacity determination.

This case should be reversed and remanded to the Commissioner to properly determine Plaintiff's residual functional capacity. This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be reversed and this case remanded to the Commissioner for further proceedings consistent with this opinion.

DATED this   16   day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE